CHARLES S. YOUNG

*v.*

CHRISTIAN P. ZACHER.

*Opinion filed February 21, 1907—Rehearing denied April 18, 1907.*

JUDGMENTS AND DECREES—*transcript valid on its face cannot be collaterally attacked.* A transcript of the proceedings before a justice of the peace which is regular and complete on its face, showing a judgment against three defendants, an execution against them and a return stating that the "within named defendants have no personal property," etc., cannot be collaterally attacked by showing that the return on the original execution read, "the within named defendant has," etc., there having been no attempt to impeach the transcript in a direct proceeding and there being no pleading challenging the integrity of the return.

APPEAL from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

BORMAN & MCGRATH, for appellant.

STEDMAN & SOELKE, for appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

The appellee filed in the circuit court of Cook county his petition praying that the title to two tracts of realty in that county be declared to be in him, and that such title should be so registered under the provisions of the act of the General Assembly entitled "An act concerning land titles," approved May 1, 1897, commonly called the "Torrens act." The appellant was sole defendant to said petition. He filed an answer and a cross-petition praying that title to both of said tracts of land be declared to be in him and be so registered under the provisions of said act. The cause was heard and a decree was entered granting the prayer of the petition of the appellee. The appellant seeks by this appeal to reverse such decree.

The facts are not in dispute. The appellant, Charles S. Young, was, on the 15th day of May, 1879, the owner of both tracts of land. He, together with his wife, executed a trust deed whereby they mortgaged both of said tracts to secure their indebtedness to one D. K. Spencer in the sum of $1000. This mortgage was foreclosed by a decree entered in the circuit court of Cook county, and under such decree both the lots or tracts of land were sold by the master in chancery on February 26, 1902, subject to redemption.

On the 26th day of May, 1903, being the last day of the period allowed to a judgment creditor of the decree debtor in which to make redemption, there was filed in the office of the circuit clerk of said county a transcript of the record of a judgment entered on May 2, 1903, before Thomas Bradwell, a justice of the peace in and for Cook county, and against Frank O. Young, Charles Young (appellant) and Mrs. Charles Young, in favor of Herman Heimbach. The transcript contained also a copy of a summons and a copy of an execution issued by the justice in the case and of the constable's return on each. Thereupon the circuit clerk is-

sued an execution on said transcript of the record of the judgment and proceedings before the justice of the peace, and delivered the same to the sheriff of Cook county. The judgment creditor then paid to the sheriff the sum of money necessary to effect the redemption of said two tracts of land from the sale by the master in chancery under the foreclosure decree and received a certificate of redemption of the properties from such master's sale. The sheriff then advertised both tracts or lots of land for sale, as required to do by the statute, and at said sale the appellee became the purchaser of both tracts, and in pursuance of the statute received a deed from the sheriff conveying the same to him.

The transcript certified to by the justice of the peace and filed in the office of the clerk was full and complete in every respect, and showed a judgment rendered by the justice of the peace against three defendants, as before mentioned, and an execution issued by the justice thereon against the same three defendants and the return of the constable to whom such execution was issued, stating that "the within named defendants have no personal property in my county whereof I can cause to be made the judgment and costs within mentioned, or any part thereof, according to the command of the within writ, and I therefore return the same no. part satisfied."

The appellant contended the return actually endorsed on the execution by the constable read, "the within named defendant has no personal property," etc., and was permitted by the examiner of titles before whom the testimony was being taken, to produce as a witness the justice of the peace who rendered the judgment and issued the execution, made up the record of proceedings on his justice docket and transcribed the certified copy of such record which was filed in the office of the clerk of the circuit court, and said justice was, over the objection of appellant, heard to testify that a paper shown him was the original execution issued to the constable on the judgment entered in his court. Thereupon

this instrument was received in evidence by the examiner over the objection of the appellant. .

On its face this was an execution issued on the judgment in favor of Herman Heimbach against Frank O. Young, Charles Young and Mrs. Charles Young, and endorsed thereon was the following return: "The within named defendant has no personal property whereof I can cause to be made the judgment and costs within mentioned, or any part thereof, according to the command of the within writ, and I therefore return the same no part satisfied." It will be observed this return refers to the "defendant" only, and not to the "defendants."

The examiner held the proof showed no sufficient return, as against the appellant, of the execution issued by the justice of the peace, for the reason that the return on the original execution was as to the "defendant" and not as to the "defendants," and recommended a decree in favor of the appellant. The circuit court refused to accept the recommendation of the examiner and rendered decree in favor of the appellee.

The examiner was in error. The transcript of the proceedings before the justice of the peace showed on its face all the statute required it to show, and having been filed with the circuit clerk constituted the legal basis for a lien on the real estate, and authorized the issuance of an execution under which the real estate could be lawfully seized and sold.

No attempt has been made by any direct proceeding to impeach the transcript. The pleading by the appellant in this proceeding contains no averments challenging its integrity or validity.

The statute provides that the transcript shall be filed by the clerk, and continues, "and the judgment shall thenceforward have all the effect of a judgment of said court." (Hurd's Stat. 1905, chap. 79, sec. 135.) Giving it that effect, it is evident that it cannot be successfully attacked in

this collateral proceeding, as it appears to be valid on its face. VanFleet on Collateral Attack, sec. 526; *Osgood* v. *Blackmore,* 59 Ill. 261; *Harris* v. *Lester,* 80 id. 307; *Spring* v. *Kane,* 86 id. 580; *Field* v. *Peeples,* 180 id. 376.

The circuit court properly held, upon the record in this case, that the sheriff's deed to appellee conveyed the property involved.

The decree is correct and will be affirmed.

*Decree affirmed.*